Case 2:18-cv-00334   Document 15   Filed on 03/19/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL SALINAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00334 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Juan Gabriel Salinas is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Salinas filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 3, 2018.[1] (D.E. 1). Salinas argues that the Texas Board of Pardons and Paroles ("Parole Board") violated his due process and equal protection rights by failing to follow the appropriate laws when it denied him parole. Respondent filed a motion for summary judgment contending that the claims raised by Salinas are not cognizable in a § 2254 petition, and Salinas responded. (D.E. 11, 13). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Salinas's habeas corpus petition be denied. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Salinas stated under penalty of perjury that he placed his petition in the prison mail system on October 3, 2018, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

I.   **JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Salinas was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

II.   **BACKGROUND**

In December 2019, Salinas was charged with 14 total counts in an indictment, including: (1) 3 counts of sexual assault of a child, in violation of Tex. Penal Code § 22.011 (Counts 1-3); and (2) 11 counts of indecency with a child, in violation of Tex. Penal Code §§ 21.11, 21.22 (Counts 4-14). (D.E. 12-3 at 41-46).

Salinas was found guilty on 2 of the charges for sexual assault of a child and 10 of the charges for indecency with a child. (*Id.* at 47). On March 10, 2011, the state court sentenced him to seven years of imprisonment on Counts 1 and 2, 15 years of imprisonment on Count 4, two years of imprisonment on counts 5, 8, 9, and 10, six years of imprisonment on Counts 7, 11, and 12, and imposed a ten-year suspended sentence on Counts 13 and 14. The court stated that Counts 1 and 8 were to run concurrent, Counts 9, 10, 11, and 12 were to run concurrent, Counts 2, 5, and 7 were to run concurrent, and Counts 13 and 14 were to run concurrent. The court ordered that the 15-year sentence on Count 4 would run first. When that sentence ceased to operate, the seven-year total sentence for Counts 2, 5, and 7 would begin, followed by the seven-year total sentence on Counts 1 and 8, and then the six-year total sentence on Counts 9 and 10. In short, the court imposed a 35-year total sentence consisting of consecutive sentences that were 15, 7, 7, and 6 years in length, respectively. (*Id.*).

In April 2015, Salinas filed an application for a writ of habeas corpus under Tex. Code of Crim. Proc., art. 11.07. (*Id.* at 4-30). He argued that he was being punished multiple times for the same crime because the Parole Board was not properly considering his eligibility for parole. (*Id.* at 9-10, 22-23). Salinas conceded that he had no liberty interest stemming from the state parole procedures, but argued that he had a due process right in the Parole Board following the proper procedure under the statute. (*Id.* at 23-24). He argued that he was being punished multiple times for his offense because parole was being denied based solely on the nature of the offense. (*Id.* at 25). The Texas Court of Criminal Appeals denied his application. (D.E. 12-1 at 1; D.E. 12-3 at 66-67).

In June 2018, Salinas filed a second application under Tex. Code of Crim. Proc., art. 11.07. (D.E. 12-5 at 4-27).[2] First, he argued that the Parole Board had violated his due process rights by denying him parole on his first sentence. (*Id.* at 9-10, 23-24). He argued that the first sentence had ceased to operate because he was eligible for parole, which triggered the start of his second sentence. (*Id.* at 24-25). Second, he argued that the TDCJ altered his sentence by making it a single 35-year sentence. (*Id.* at 11, 25-26). The Texas Court of Criminal Appeals denied his application as subsequent. (D.E. 12-4 at 1; D.E. 12-5 at 67-68).

On October 3, 2018, Salinas filed his current § 2254 petition, raising two claims. (D.E. 1 at 1-10). First, he argues that the Parole Board has violated state and federal law in its application of the parole statute to his consecutive sentences. (*Id.* at 6). He argues that, under applicable law, the Parole Board was required to grant him parole on his first

---

[2] Salinas filed another identical application on the same day. (D.E. 12-7 at 4-20).

sentence because, rather than being released, he would only begin serving his second sentence.  (D.E. 1-1 at 3-5).  Second, he argues that the Parole Board and TDCJ violated his due process and equal protection rights by relying on the TDCJ's erroneous aggregation of his sentences into a single 35-year sentence.  (D.E. 1 at 6; D.E. 1-1 at 5-6).

Salinas attached an inmate information sheet created by the TDCJ that indicated that he had a 35-year sentence.  (D.E. 1-1 at 10).  He attached the Parole Board's policy regarding the treatment of consecutive sentences.  (*Id.* at 11-12).  He also attached Parole Board decisions denying him parole on February 28, 2013, March 23, 2015, and August 23, 2018.  (*Id.* at 13-15).  In each denial, the Parole Board cited Salinas's criminal history, the nature of his offense, and the amount of time he had served to that point.  (*Id.*).

### III.  DISCUSSION

In her motion for summary judgment, Respondent argues that Salinas's claims are not cognizable in a § 2254 petition because Texas prisoners have no constitutional right to release on parole.  (D.E. 11 at 4-5).  Respondent asserts that the Texas parole statutes also do not create a liberty interest in being reviewed for parole at a certain time interval and, therefore, prisoners cannot complain about the procedural devices connected to parole decisions.  (*Id.* at 5).  Finally, Respondent argues that, contrary to Salinas's claim, Tex. Gov't Code § 508.150 does not create a liberty interest in or expectancy of release to parole for inmates serving consecutive sentences because the "eligible for release on parole" language has been interpreted to mean when the inmate actually "makes parole," not merely when he is eligible for consideration.  (*Id.* at 5-6).

Salinas responds that he recognizes that he cannot be actually released on parole given his consecutive sentences, but he seeks to be paroled on the first sentence so that the second sentence can begin. (D.E. 13 at 3-4). He argues that, while he has no expectation for release on parole, he does have an expectation that the Parole Board will follow state and federal law. (*Id.* at 4). He argues that his equal protection and due process rights are being violated because he is being treated differently than other similarly situated individuals. (*Id.* at 5).

An inmate in state custody may file a § 2254 petition only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254(a).

States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Statutes or regulations that provide that a parole board "may" release an inmate on parole do not give rise to a protected liberty interest. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). The Fifth Circuit has held that there is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because there is no liberty interest in obtaining parole, Texas inmates "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.*

Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2). Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate actually makes parole. *Byrd v. State*, 499 S.W. 3d 443, 447 (Tex. Crim. App. 2016).

Here, Salinas's claims that the Parole Board violated his due process and equal protection rights by failing to follow the Texas parole statutes and guidelines are not cognizable in a § 2254 petition. First, to the extent that Salinas claims merely that the Parole Board failed to follow the state statutes and parole guidelines, that does not invoke the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(d). Second, Salinas's claim that the Parole Board violated his constitutional rights by failing to follow the state statutes and parole guidelines is foreclosed because he has no liberty interest in being granted parole. *Orellana*, 65 F.3d at 32. Although Salinas's claims focus on the parole process rather than the ultimate denial of parole, he also cannot complain about the "procedural devices attendant to parole decisions" where he has no liberty interest in obtaining parole. *Id.*

Finally, Salinas's underlying contention that he is entitled to parole on his first sentence because it ceased to operate as soon as he became eligible for parole consideration is incorrect. The Texas courts have held that a sentence ceases to operate when an inmate makes parole, not merely when he can be considered for parole. *Byrd*, 499 S.W. 3d at 447. Thus, it is recommended that Salinas's constitutional claims be

6

denied because they are not cognizable in a § 2254 petition and, regardless, rely on an incorrect reading of Texas law.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Salinas has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Salinas's claims are not cognizable in a § 2254 petition.  Therefore, it is further recommended that any request for a COA be denied.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 11) be GRANTED.  Salinas's § 2254 petition should be

DENIED. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 19th day of March, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).